IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MORENO, | 1:10-cv-02238 SKO  (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Doc. 22) |
| TAYLOR, et al., | |
| Defendants. | |

On June 19, 2012, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

1  which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with
2  similar cases almost daily.  Further, at this stage in the proceedings, the Court cannot make a
3  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
4  in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

5  For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
6  DENIED, without prejudice.

8  IT IS SO ORDERED.

9  **Dated:   June 27, 2012**          /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE