# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MORENO, JR., | CASE NO. 1:10-cv-02238-SKO PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| CORRECTIONAL OFFICER TAYLOR, et al., | |
| Defendants. | (Doc. 39) |
| _____/ | TEN-DAY DEADLINE |

Plaintiff Albert Moreno, Jr., a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 2, 2010. This action for damages is proceeding against Defendants Taylor and Silas for use excessive physical force, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises from an incident which allegedly occurred on March 23, 2010, at California Correctional Institution in Tehachapi.

On January 7, 2013, Plaintiff filed a notice of change of address to the Kern County Lerdo Pretrial Facility in Bakersfield and a motion seeking a stay and an order requiring jail officials to release his legal property. On February 22, 2013, the Court issued an order notifying Plaintiff that it required additional information from Plaintiff and directing him to file a supplemental brief within thirty days (1) notifying the Court of the location of his legal materials for this court case (e.g., stored at the jail or mailed to an outside address) and (2) identifying Lerdo Pretrial Facility's policy regarding access to legal property (e.g, whether inmates are permitted to have any legal material in their possession and if not, whether there are any policies in place to accommodate access to the material). In addition, Plaintiff was required to notify the Court whether he anticipated being released from custody within the next seven months, and if not, when he anticipated release.

1

More than sixty days have since passed and Plaintiff has not complied with or otherwise responded to the Court's order.[1]  Rule 41(b) of the Federal Rules of Civil Procedure provides for the involuntary dismissal of an action for failure to prosecute or obey a court order, and in addition, federal courts have the inherent authority to sanction conduct abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991).  Dismissal with prejudice is an available sanction under both sources of authority. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996).

Accordingly, the Court HEREBY ORDERS as follows:

1.      Within **ten (10) days** from the date of service of this order, Plaintiff shall show cause why sanctions should not be imposed against him for failure to obey the Court's order and failure to prosecute; and

2.      <u>Plaintiff is warned that the failure to respond to this order will result in dismissal of this action</u>.

IT IS SO ORDERED.

**Dated:      May 1, 2013**                                    /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that Plaintiff is no longer in custody, as searches of the Kern County Sheriff's Department's inmate database using Plaintiff's jail identification number and, separately, his name were not successful.  However, Plaintiff has not notified the Court of any change in his address and his address of record remains Lerdo Pretrial Facility.  Local Rule 182(f).