1

2

3

4

5

6          **UNITED STATES DISTRICT COURT**

7               EASTERN DISTRICT OF CALIFORNIA

8

ALBERT MORENO, JR.,                        CASE NO. 1:10-cv-02238-SKO PC
9
                           Plaintiff,      ORDER (1) DENYING PENDING MOTIONS
10                                          AS MOOT, (2) DISMISSING ACTION, WITH
                                           PREJUDICE, FOR FAILURE TO OBEY A
11       v.                                 COURT ORDER AND FAILURE TO
                                           PROSECUTE, AND (3) DIRECTING CLERK
12  CORRECTIONAL OFFICER                    TO ENTER JUDGMENT
    TAYLOR, et al.,
13                                          (Doc. 33, 35, 38, and 40)
                           Defendants.
14  _____/

15                      **Order Dismissing Action**

16  **I.    Procedural History**

17          Plaintiff Albert Moreno, Jr., a prisoner proceeding pro se and in forma pauperis, filed this

18  civil rights action pursuant to 42 U.S.C. § 1983 on December 2, 2010.  This action for damages is

19  proceeding against Defendants Taylor and Silas for use excessive physical force, in violation of the

20  Eighth Amendment.  Plaintiff's claim arises from an incident which allegedly occurred on March

21  23, 2010, at California Correctional Institution in Tehachapi.

22          On January 7, 2013, Plaintiff filed a notice of change of address to the Kern County Lerdo

23  Pretrial Facility in Bakersfield and a motion seeking a stay and an order requiring jail officials to

24  release his legal property.  On February 22, 2013, the Court issued an order notifying Plaintiff that

25  it required additional information from Plaintiff and directing him to file a supplemental brief within

26  thirty days (1) notifying the Court of the location of his legal materials for this court case (e.g., stored

27  at the jail or mailed to an outside address) and (2) identifying Lerdo Pretrial Facility's policy

28  regarding access to legal property (e.g., whether inmates are permitted to have any legal material in

                                           1

their possession and if not, whether there are any policies in place to accommodate access to the material).   In addition, Plaintiff was required to notify the Court whether he anticipated being released from custody within the next seven months, and if not, when he anticipated release.

On May 1, 2013, after more than sixty days passed and Plaintiff failed to comply with or otherwise respond to the order, the Court ordered him to show cause within ten days why sanctions should not be imposed against him for failure to obey a court order and failure to prosecute.   Plaintiff was warned that if he failed to respond to the order to show cause, the action would be dismissed, with prejudice.   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996).   Plaintiff's response was due on or before May 16, 2013, and he has not complied with or otherwise responded to the order.[1]  Fed. R. Civ. P. 6(d).

## II.   Propriety of Terminating Sanctions

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.   *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).     In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."   *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for almost two and a half years.   Plaintiff is obligated to comply with the Federal Rules of Civil Procedure, the Local Rules, and court orders.   Plaintiff was required to respond to the Court's order of February 22, 2013, within thirty days and he failed to do so.   Plaintiff then failed

---

[1] The order was returned as undeliverable with a notation that Plaintiff is not in custody.  However, Plaintiff has not notified the Court of any change in his address and his address of record remains Lerdo Pretrial Facility. Local Rule 182(f).

to respond to the order of May 1, 2013.  The Court cannot effectively manage its docket if a party ceases litigating the case.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with court orders which is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court and Defendants from further unnecessary expenditures of scarce resources.  Plaintiff is proceeding pro se and is apparently a former prisoner, making monetary sanctions likely of little use; and the preclusion of evidence or witnesses is likely to have no effect on a plaintiff who has ceased litigating the case.  Furthermore, Plaintiff's failure to update his address of record following his apparent release from jail precludes either the Court or Defendants from contacting him.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal.  *Id.* at 643.  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's orders and his failure to keep the Court apprised of his current address, the Court is left with no alternative but to dismiss the action for failure to obey a court order and failure to prosecute.  *In re PPA*, 460 F.3d at 1228.  This action, which has been pending since 2010, can proceed no further without Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle on the Court's docket, unprosecuted.  *Id.*

**III.**   **Order**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.        All pending motions are DENIED as moot;

3

1    2.    This action is DISMISSED, with prejudice, for failure to obey a court order and

2          failure to prosecute; and

3    3.    The Clerk of the Court is DIRECTED to enter judgment against Plaintiff.

4

5    IT IS SO ORDERED.

6    **Dated:    May 23, 2013**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4